IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

———————

Nos. 25-5853, 25-5907, 25-5879, 25-5880, 25-5901

UNITED STATES OF AMERICA

   Plaintiff-Appellant Cross-Appellee

v.

EMMITT MARTIN, III

   Defendant-Appellee Cross-Appellant
   [25-5853 25-5907]

DEMETRIUS HALEY

   Defendant-Appellee Cross-Appellant
   [25-5853 25-5879]

JUSTIN SMITH

   Defendant-Appellee Cross-Appellant
   [25-5853 25-5880]

TADARRIUS BEAN

   Defendant-Appellee Cross-Appellant
   [25-5853 25-5901]

———————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

———————

UNITED STATES' MOTION TO DISMISS CROSS-APPEALS

The United States of America respectfully moves this Court under Sixth Circuit Rule 27(d) to dismiss the cross-appeals of appellee cross-appellants Emmitt Martin, III; Demetrius Haley; Justin Smith; and Tadarrius Bean (defendants) for lack of jurisdiction. While 18 U.S.C. 3731 confers this Court with jurisdiction over the United States' interlocutory appeal of the district court's order granting a new trial, it does not extend jurisdiction to the defendants' cross-appeals. Because neither the collateral order doctrine nor pendent appellate jurisdiction apply either, the Court lacks jurisdiction over the cross-appeals.

## PROCEDURAL HISTORY

The United States indicted five former members of the Memphis Police Department (MPD)—Emmitt Martin, III; Demetrius Haley; Justin Smith; Tadarrius Bean; and Desmond Mills Jr.—in connection with the death of Tyre Nichols. Indictment, R. 2, PageID # 8–9. Each defendant was charged with four counts. Indictment, R. 2, PageID # 8–15. Count 1 alleged a violation of 18 U.S.C. 242 for, while acting under color of law, willfully using unreasonable force in violation of the Fourth Amendment, resulting in the victim's bodily injury and death; Count 2 alleged a violation of 18 U.S.C. 242 for exhibiting deliberate indifference to the victim's

serious medical needs in violation of the Fourteenth Amendment, also resulting in bodily injury and death; Count 3 alleged a violation of 18 U.S.C. 1512(k) for conspiring to cover up the assault; and Count 4 alleged a violation of 18 U.S.C. 1512(b)(3) for providing false and misleading information, including to defendants' supervisor and the report-writer. Indictment, R. 2, PageID # 8–14.

Mills and Martin pleaded guilty to Counts 1 and 3. Mills Plea Agreement, R. 91, PageID # 267–276; Martin Plea Agreement, R. 499, PageID # 7230–7235. Haley, Bean, and Smith proceeded to trial, over which Judge Mark Norris presided.

After a four-week trial, Haley was found guilty on all counts, although the jury found that his civil rights offenses—Counts 1 and 2—resulted in the victim's bodily injury but not death. Verdict, R. 627, PageID # 9513–9514. Smith and Bean were found guilty only of the obstruction offense charged in Count 4. Verdict, R. 627, PageID # 9510–9512, 9516–9518. Judge Norris scheduled the defendants' sentencing hearings for the week of June 16, 2025. Setting Letters, R. 818–822, PageID # 15739–15743.

On October 8, 2024, five days after the jury returned its verdict, one of the law clerks who assisted Judge Norris with this case was shot at the home of another law clerk in what investigators concluded was an aggravated burglary and attempted murder. Notice, R. 846, PageID # 15951–15952.

On June 13, 2025, on behalf of the United States, USAO Criminal Chief Beth Boswell filed a notice disclosing comments that Judge Norris made about the shooting in the presence of federal investigators.[1] Notice, R. 846, PageID # 15951–15954. In the notice, Boswell wrote that federal investigators held a meeting with Judge Norris on May 30, 2025, to explain their determination that there was no federal nexus for the shooting. Notice, R. 846, PageID # 15952. At that meeting, according to Boswell, Judge Norris expressed that he was "extremely concerned about the well-being of the clerk victim and desirous that the perpetrators be held accountable" and "indicated that his theory or belief was that at least one of the defendants" in this case "was in a gang and that the gang was

---

[1] Boswell was not a member of the trial team for this case.

responsible for the shooting of his clerk."[2] Notice, R. 846, PageID # 15952–15953. Judge Norris further "stated his belief that the intended target of the shooting was his former female clerk who lived at the residence," noting that "the defendant/defendants had seen the former female clerk during the trial in the courtroom." Notice, R. 846, PageID # 15953.

Boswell also wrote that, after the meeting, she recalled an earlier comment from Judge Norris. Notice, R. 846, PageID # 15953. "Shortly after" the shooting, Judge Norris had "indicated to [Boswell] that he could not meet with any member of the Memphis Police Department to give a statement regarding the shooting of his clerk, as MPD is 'infiltrated to the top with gang members.'" Notice, R. 846, PageID # 15953. This comment "was not in response or related to any case." Notice, R. 846, PageID # 15953.

After Boswell filed this notice, Smith immediately moved for Judge Norris's recusal. He reasoned that, under 28 U.S.C. 455 and Cannons 1,

---

[2] Judge Norris disputes Boswell's description of these conversations. *See ACLU of Tenn., Inc. v. City of Memphis*, No. 2:17-cv-02120-MSN-jay, Order, R. 544, PageID # 16003 (W.D. Tenn. Oct. 17, 2025).

2, and 3 of the Code of Conduct for United States Judges, information that was newly available to the litigants and the court obligated Judge Norris to recuse himself "from any further involvement" in the case. Motion for Recusal, R. 852, PageID # 16003. Judge Norris recused himself the same day. Order of Recusal, R. 854, PageID # 16006.

Shortly thereafter, Haley, Bean, and Smith moved for a new trial, asserting that Judge Norris's post-trial comments about the shooting illustrated that he was necessarily biased against them during trial, violating the Due Process Clause and the judicial recusal statute, 28 U.S.C. 455. Haley Motion, R. 861, PageID # 16018–16023; Smith Motion, R. 863, PageID # 16027–16035; Smith Adoption of Haley's Motion, R. 865, PageID # 16038–16039; Bean Motion, R. 872, PageID # 16142–16146; Smith Adoption of Bean's Motion, R. 873, PageID # 16150–16151.

A successor judge granted the motions for a new trial on August 28, 2025. Order, R. 919, PageID # 16555–16565. The court found that Judge Norris had no actual bias and that his rulings throughout the case were "sound, fair, and grounded firmly in the law." Order, R. 919, PageID # 16564. Nevertheless, the court concluded that "the shooting of Judge Norris' law clerk shortly after the [high-profile] trial's conclusion, and

[Judge Norris's] subsequent meeting about" the shooting presented "an extreme set of facts." Order, R. 919, PageID # 16563–16564. Ultimately, the court concluded that because "the risk of bias here is too high to be constitutionally tolerable, and because [j]udicial bias is structural error, not susceptible to . . . harmless error analysis[,]" a new trial was necessary. Order, R. 919, PageID # 16565 (alterations in original; internal quotation marks omitted).

The United States timely noticed an interlocutory appeal of the court's order granting the motions for new trial. Notice, R. 946, PageID # 16629–16630. Haley, Smith, and Martin subsequently noticed cross-appeals of the court's order granting a new trial. Haley Notice, R. 950, PageID # 16916–16917; Smith Notice, R. 951, PageID # 16918; Martin Notice, R. 956, PageID # 16931. Bean likewise noticed a cross-appeal, but on the basis that "if the U.S. Court of Appeals for the Sixth Circuit reviews the case, judicial economy should call for a full reading of the appellate issue [sic] that should otherwise be reviewed." Bean Notice, R. 955, PageID # 16927. He then provided an expressly noncomprehensive list of challenges to the district court's evidentiary rulings. Bean Notice, R. 955, PageID # 16927–16928.

## ARGUMENT

Because there is no apparent basis for the Court to exercise appellate jurisdiction over the defendants' cross-appeals at this stage, the cross-appeals should be dismissed.

Appellate jurisdiction "must be conferred by statute." *United States v. Yeager*, 303 F.3d 661, 664 (6th Cir. 2002) (citing *Carroll v. United States*, 354 U.S. 394, 399 (1957)). Congress conferred this Court with jurisdiction over the United States' appeal of the district court's order granting a new trial, *see* 18 U.S.C. 3731, but it has not conferred jurisdiction over defendants' cross-appeals.

First, "[a]lthough 18 U.S.C. § 3731 permits the government to take an immediate appeal . . . that statute does not provide for a cross-appeal by a defendant." *United States v. Shameizadeh*, 41 F.3d 266, 267 (6th Cir. 1994). The jurisdictional hook for the United States' appeal therefore does not extend to the defendants' cross-appeals.

Second, because the district court has not issued a final judgment, 28 U.S.C. 1291 does not confer jurisdiction. *Yeager*, 303 F.3d at 665 ("[T]he Supreme Court has made clear that for purposes of a defendant's criminal appeal, a final decision exists only after the defendant has

been sentenced[.]"). And while an order that is "not inherently a final decision . . . may be a final decision appealable under the collateral order doctrine," *ibid.*, the collateral order doctrine does not cure the finality deficiency here. In "the criminal context," the collateral order doctrine applies "in only two situations": (1) "orders denying motions to dismiss on double jeopardy grounds"; and (2) "orders denying motions to reduce bail before trial." *United States v. Andrews*, 857 F.3d 734, 742 (6th Cir. 2017) (citation omitted). Because the defendants' cross-appeals do not concern either situation, the collateral order doctrine does not apply.

Finally, pendent appellate jurisdiction does not apply either. The "doctrine of pendent appellate jurisdiction allows an appellate court, in its discretion, to exercise jurisdiction over issues that are not independently appealable when those issues are 'inextricably intertwined' with matters over which the appellate court properly and independently has jurisdiction." *Chambers v. Ohio Dep't of Hum. Servs.*, 145 F.3d 793, 797 (6th Cir. 1998) (citations omitted). This Court "ha[s] never exercised pendent appellate jurisdiction in a criminal case." *United States v. Combs*, No. 23-5153, 2023 WL 9785711, at *1 (6th Cir. Sept. 12, 2023).

But even if pendent appellate jurisdiction applies in criminal cases, a claim satisfies the "inextricably intertwined" requirement only if the Court's "finding on the first issue necessarily and unavoidably decides the second." *Watkins v. Healy*, 986 F.3d 648, 659 (6th Cir. 2021) (quoting *Brennan v. Township of Northville*, 78 F.3d 1152, 1157–1158 (6th Cir. 1996)). No such circumstances exist here. First, Bean seeks to challenge various pre-trial and trial rulings. *See* Bean Notice, R. 955, PageID # 16927–16928. The Court will not "necessarily and unavoidably decide" these evidentiary issues when ruling on the United States' appeal of the district court's grant of a new trial. Second, Haley and Smith cross-appeal the district court's grant of *their* motion for a new trial. Haley Notice, R. 950, PageID # 16916; Smith Notice, R. 951, PageID # 16918. Because the district court *granted* their requested relief, there is no sufficiently related issue for them to appeal. Similarly, there is no apparent basis for Martin—who pleaded guilty—to cross-appeal the grant of a new trial.

## CONCLUSION

Because the Court lacks jurisdiction over the cross-appeals of appellee cross-appellants, Emmitt Martin, III; Demetrius Haley; Justin

Smith; and Tadarrius Bean, the United States respectfully requests that the Court dismiss the cross-appeals under Sixth Circuit Rule 27(d).

|  |  |
|---|---|
|  | Respectfully submitted, |
| D. MICHAEL DUNAVANT<br>  United States Attorney for the<br>  Western District of Tennessee | HARMEET K. DHILLON<br>  Assistant Attorney General |
| KAREN HARTRIDGE<br>  Assistant United States Attorney | JESUS A. OSETE<br>  Principal Deputy Assistant<br>  Attorney General |
|  | *s/Greta Gieseke*<br>GRETA GIESEKE<br>KATHERINE MCCALLISTER<br>  Attorneys<br>  Department of Justice<br>  Civil Rights Division<br>  Appellate Section<br>  Ben Franklin Station<br>  P.O. Box 14403<br>  Washington, D.C. 20044-4403<br>  (202) 514-3847 |

Date: November 18, 2025

# CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limits of Federal Rule of Appellate Procedure 27(d)(2)(A) because the motion contains 1840 words, excluding the parts exempted by Federal Rules of Appellate Procedure 27(d)(2) and 32(f). This motion also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared in Century Schoolbook 14-point font using Microsoft Word for Microsoft 365.

                                                   *s/Greta Gieseke*
                                                   GRETA GIESEKE
                                                     Attorney

Date: November 18, 2025

# CERTIFICATE OF SERVICE

I certify that on November 18, 2025, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the appellate CM/ECF system.

I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

                                                *s/ Greta Gieseke*
                                                GRETA GIESEKE
                                                 Attorney

Date: November 18, 2025