# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT
_____

Nos. 25-5853, 25-5907, 25-5879, 25-5880, 25-5901

UNITED STATES OF AMERICA

Plaintiff- Appellant Cross-Appellee

v.

EMMITT MARTIN, III
Defendant-Appellee Cross-Appellant [25-5853 25-5907]

DEMETRIUS HALEY
Defendant- Appellee Cross-Appellant [25-5852 25-5879]

JUSTIN SMITH
Defendant- Appellee Cross-Appellant [25-5853 25-5880]

TARDARRIUS BEAN
Defendant- Appellee Cross-Appellant [25-5853 25-5901]

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE, WESTERN DIVISION DISTRICT COURT DOCKET NO. 23-20191

_____

**DEFENDANT- APPELLEE CROSS-APPELLANT JUSTIN SMITH'S RESPONSE IN OPPOSITION TO UNITED STATES' MOTION TO DISMISS CROSS-APPEALS [25-5853 25-5880]**

## COUNTER STATEMENT OF PROCEDURAL HISTORY

Justin Smith ("Smith"), a former police officer with the City of Memphis, was indicted by a federal grand jury for the Western District of Tennessee. (D.E. 2 Indictment Page ID 8-15). That this trial took place over the course of four weeks. That at the conclusion of the trial, Smith was acquitted on every count to which he had been charged, with the exception of a guilty verdict as to Count 4 which was a charge for obstruction of justice. (D.E. 627 Verdict Page ID 9510-9518). That the presiding district judge, Mark S. Norris, set Smith, along with the other defendants, for sentencing during the week of June 16, 2025. (D.E. 819 Setting Letter, Page ID 15740). That during the period of time, subsequent to the guilty verdict and prior to the sentencing hearing, Judge Norris engaged in a pattern of conduct which included disparaging comments made about the defendants. That on or about May 30, 2025, Judge Norris stated "that his theory or belief was that at least one of the [three defendants] …was in a gang and that the gang was responsible for shooting one of his law clerks after the trial. (D.E. 846 Notice of Oral Communications Page ID 15952-15953).

That on or about June 13, 2025, the United States filed notice of Judge Norris' statements. That following the notice being filed, the sentencing was continued and Judge Norris recused himself. (D.E. 845, Order of Continuance Page ID 45949-50; D.E. 854 Order of Recusal Page ID 16006). That Smith filed a Motion for New

Trial. (D.E. 863 Motion for New Trial Page ID 16027-16035) That following Judge Norris' recusal, Chief Judge Sheryl H. Lipman was assigned to the case. That upon reviewing this matter, Chief Judge Lipman, granted Smith's Motion for New Trial. (D.E. 919 Order Page ID 16555-16565). The United States timely filed a Notice of Interlocutory Appeal (D.E. 946 Notice of Appeal Page ID 16629-16630). Smith timely filed a notice of cross-appeal. (D.E. 951 Notice of Cross-Appeal Page ID 16918)

## LAW AND ARGUMENT

Interlocutory appeals in criminal cases are limited to specific exceptions in which the issue "conclusively determine(s) the disputed question, resolve(s) an important issue completely separate from the merits of the action, and [is] effectively unreviewable on appeal from a final judgment. *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 265-66 (1982). It is undisputed that 18 U.S.C. 3731 permits the United States to file an interlocutory appeal from a district court's granting of a new trial.

In the case at bar, the district court granted a Motion for New Trial. Chief Judge Sheryl H. Lipman ruled that the basis for granting the new trial was "**the risk of bias here is too high to be constitutionally tolerable**, and because [j]udicial bias is structural error, not susceptible to … harmless error analysis" a new trial was necessary. (emphasis added) (D.E. 919 Order Page ID 16565) See also,

Government's Motion to Dismiss Cross-Appeal filed with this Honorable Court. (D.E. 24 United States Motion to Dismiss Cross-Appeal Page ID 7). Chief Judge Lipman based this finding on the" extreme set of facts" following the shooting of Judge Norris' law clerk. (D.E. 919 Order Page ID 16563-16564). Chief Judge Lipman then went onto make findings that **Judge Norris, had no actual bias** and that his rulings throughout the case were "sound, fair, and grounded firmly in the law" (emphasis added) (D.E. 919 Order Page ID 16564) See also, Government's Motion to Dismiss Cross-Appeal filed with this Honorable Court. (D.E. 24 United States Motion to Dismiss Cross-Appeal Page ID 6).

   Chief Judge Lipman made the correct ruling in granting the motion for new trial. However, Chief Judge Lipman's findings in reaching this conclusion appear to be contradictory. More specifically, there is a finding that Judge Norris' bias was "too high to be constitutionally tolerable" however in the same ruling there is a finding that as to his rulings during the trial, Judge Norris "had no actual bias". The United States references both of these contradictory findings in supporting its' Motion to Dismiss Cross-Appeals.

   It is fully expected and anticipated that the United States will advance, focus and limit the basis for its' interlocutory appeal on assertions that the district court erred in finding that that "**the risk of bias here is too high to be constitutionally tolerable**, and because [j]udicial bias is structural error, not susceptible to …

4

harmless error analysis" a new trial was necessary. (emphasis added) (D.E. 919 Order Page ID 16565). Accordingly, Smith should not be denied the opportunity to advance, focus and expand assertions that while the district court was correct in determining "the risk of bias is too high"; it was erroneous for the district court to find "no actual bias" in that Judge Norris' rulings were "sound, fair, and grounded firmly in the law" (D.E. 919 Order Page ID 16564).

That based upon the specific underlying facts presented in the case at bar this would appear to be a question of first impression.

In the notice disclosing comments filed by Assistant United States Attorney Beth Boswell, it was reported that after Judge Norris' law clerk had been shot and the following statements were made by Judge Norris:

(1) Judge Norris was "extremely concerned about the well-being of the clerk-victim and desirous that the perpetrators be held accountable";

(2) Judge Norris "indicated that his theory or belief was that at least one of the defendants" in this case "was in a gang and that the gang was responsible for the shooting of his clerk";

(3) Judge Norris "stated his belief that the intended target of the shooting was his former female clerk who lived at the same residence" and Judge Norris concluded further that" the defendants had seen the former female clerk during the trial in the courtroom";

   (4) Judge Norris had earlier made the comment to Beth Boswell that "he could not meet with any member of the Memphis Police Department to give a statement regarding the shooting of his clerk, as MPD is infiltrated to the top with gang members"

(D.E. 846 Notice of Oral Communications Page ID 15951-15954)

   In the case at bar Judge Norris presided over a case, wherein former officers with the Memphis Police Department were on trial. Judge Norris was the presiding judge from the conception of the case until the jury returned with a verdict. Throughout the pretrial and the trial, Judge Norris made numerous rulings that had a direct impact on critical aspects of Smith's as well as the other defendant's defense. This included, but was not limited to, rulings on objections that effected the manner and subject matter upon which key prosecution witnesses could be cross examined. These rulings controlled how and in what way the defendants were able to present their case as well as the information allowed to be presented to the jury.

   In her ruling, Chief Judge Lipman made a finding that Judge Norris' had created a situation where "**the risk of bias here is too high to be constitutionally tolerable**". In the same ruling Judge Lipman made a finding that **Judge Norris, had no actual bias** in his rulings throughout the case. Smith should be allowed to

present the entire record for review in order to assure everything has been presented to this Honorable Court for consideration.

It is well settled that this Honorable Court will review and affirm the order unless it finds the District Court abused its discretion. *Bell v. Johnson*, 404 F.3d 997, 1002 (6th Cir. 2005).

In the case at bar, pursuant to 18 U.S.C. 3731, the United States is appealing the decision of Chief Judge Lipman to grant Smith a new trial. This is not an appeal involving the granting of a Motion to Suppress or the granting of a Motion to Dismiss Charges. In these cases, the decision to reverse the decision of the district court would be based on pretrial rulings. Instead, this Honorable Court is being requested to overturn the decision of the district court to grant Smith a new trial. The district court has determined that Smith, Demetrius Haley and Tadarrius Bean are constitutionally entitled to a new trial because the actions of Judge Norris has established that "**the risk of bias here is too high to be constitutionally tolerable**, and because [j]udicial bias is structural error, not susceptible to … harmless error analysis" a new trial was necessary. (emphasis added) (D.E. 919 Order Page ID 16565).

The United States is moving this Honorable Court to overturn the district court's ruling which would result in the reversal of the decision to grant a new trial and reinstate the convictions of Smith, Haley and Bean. At the same time, the

United States is requesting this Honorable Court deny Smith, Haley and Bean the right to present the entire record and assure this Honorable Court have all of the information pertaining to the pretrial and trial rulings of Judge Norris which indicate bias and/or prejudice.

Due to the unique facts and circumstances in the case at bar, Smith would submit that this Honorable Court should permit, by means of collateral order doctrine and/or pendent appellate jurisdiction, a cross-appeal in order to assure that there has been an appellate review of the pretrial and trial rulings by Judge Norris.

The collateral order doctrine applies if the interlocutory order: (1) conclusively decide[s] the disputed issue; (2) resolve[s] an important issue separate and independent for the merits of the action; and (3) [is] effectively unreviewable on appeal from a final judgment.

This Honorable Court has discretion to exercise pendent jurisdiction in a criminal case. *United States v. Combs* 2023 U.S.App. LEXIS 24141 (6th Cir. Sept. 12, 2023). This Honorable Court acknowledged it had the discretion to exercise pendent jurisdiction over non-appealable issues and would do so only if the non-appealable issue is "inextricably intertwined" with the appealable issue which occurs when the non-appealable issue is coterminous with or subsumed in the appealable issue, or, put another way, when our finding on the first issue

necessarily and unavoidably decides the second. *Combs* quoting *Watkins v. Healy*, 986 F.3d 648, 659 (6th Cir. 2021).

## LAW-OF-THE-CASE-DOCTRINE

In the event that this Honorable Court affirms the decision to grant Smith, Haley and Bean a new trial, what impact, if any, would Chief Judge Lipman's findings regarding the pretrial and trial rulings of Judge Norris have on the conduct of a new trial? More specifically, the United States could argue that the pretrial and trial rulings previously made by Judge Norris have been already been determined by Chief Judge Lipman to have been made without actual bias; therefore, there has already been a ruling that these decisions were "sound, fair, and grounded firmly in the law" (D.E. 919 Order Page ID 16564). The United States could take the position that the law-of-the-case doctrine applies. The law-of-the-case doctrine holds that a decision on an issue made by a court at one stage of a case should be given effect in successive stages of the same litigation. *United States v. Todd,* 920 F.2d 399, 403 (6th Cir. 1990). This doctrine can be applied in cases of a new trial. *Todd* at 404. A cross-appeal would permit this issue to be addressed on appeal.

It is respectfully requested that this Honorable Court allow the cross-appeal of Smith to assure that these "inextricably intertwined" issues are allowed full consideration.

## CONCLUSION

**WHEREFORE, PREMISES CONSIDERED**, Smith prays this Honorable Court deny the United States' Motion to Dismiss his Cross-Appeal.

Respectfully submitted,
CAMP & CAMP, PLLC

/s/ David W. Camp
David W. Camp (BPR #013739TN)
*Attorney for Justin Smith*
403 North Parkway, Suite 201
Jackson, Tennessee 38305
(731) 664-4499
david@campattorney.net

## CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P. 27(d)(2)

I certify that the foregoing response in opposition to the United States' motion to dismiss Smith's cross-appeal complies with Fed. R. App. P. 27(d)(2)(A) because it has 2,196 words, as stated on the word processing system used in the typing of this document. It also complies with the typeface requirements of Fed. R. App. P. 27(d)(1)(E) and type style requirements of Fed. R. App. P. 32(a)(5), (6) because it was prepared in Times New Roman 14-point font.

s/David W. Camp

CERTIFICATE OF SERVICE

    I, David W. Camp, do certify that a copy of the foregoing Response in Opposition to Motion to Dismiss Cross-Appeal for Justin Smith, has been served upon DOJ Attorneys Greta Gieseke, Katherine McCalister and AUSU Karen Hartridge via the Court's electronic filing system on the 8th day of December, 2025.

                                                 <u>s/ David W. Camp</u>
                                                 DAVID W. CAMP, Atty.

                                                 Date: 12/08/2025