IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

———————

Nos. 25-5853, 25-5907, 25-5879, 25-5880, 25-5901

UNITED STATES OF AMERICA

        Plaintiff-Appellant Cross-Appellee

v.

EMMITT MARTIN, III

        Defendant-Appellee Cross-Appellant
        [25-5853 25-5907]

DEMETRIUS HALEY

        Defendant-Appellee Cross-Appellant
        [25-5853 25-5879]

JUSTIN SMITH

        Defendant-Appellee Cross-Appellant
        [25-5853 25-5880]

TADARRIUS BEAN

        Defendant-Appellee Cross-Appellant
        [25-5853 25-5901]

———————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

———————

## UNITED STATES' CONSOLIDATED REPLY IN SUPPORT OF MOTION TO DISMISS CROSS-APPEALS

The cross-appellants' attempts to convince this Court of its jurisdiction over their cross-appeals by referencing the collateral order doctrine, pendent appellate jurisdiction, or vague notions of "efficiency" are unpersuasive and should be rejected.

First, the collateral order doctrine is not applicable. Cross-appellant Haley concedes as much, "acknowledg[ing] that . . . this Circuit has only identified [1] denials of a motion to dismiss on Double Jeopardy grounds and [2] bail decisions as the exclusive area[s] in which it will exercise jurisdiction pursuant to the collateral order doctrine in criminal cases" (Haley Resp. 6), neither of which is present in this appeal from an order granting a new trial. *See also United States v. Bratcher*, 833 F.2d 69, 72 (6th Cir. 1987) ("The *Cohen* [*v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949)] exception permits interlocutory appeals in only two situations in criminal prosecutions: (1) there may be immediate appeals from orders denying motions to dismiss on double jeopardy grounds[,] and (2) there may be immediate appeals from orders denying motions to reduce bail before trial."). Cross-appellant Bean's Response does not even

mention the collateral order doctrine. *See* Bean Resp.[1] And cross-appellant Smith's Response mentions it in name only, without any explanation as to how it applies here—because it does not. *See* Smith Resp. 8; *see also United States v. Goff*, 187 F. App'x 486, 494-495 (6th Cir. 2006) (noting it is "especially appropriate to construe the collateral order exception narrowly in criminal cases" and concluding this Court was "obligate[d]" under *Bratcher* to reject defendant's attempt to invoke the collateral order doctrine because neither of the two delineated situations was present).

Despite Haley's concession that the collateral order doctrine is categorically inapplicable in this case, he asserts, without explanation, that he can satisfy its three requirements. *See* Haley Resp. 8; *see also United States v. Bilsky*, 664 F.2d 613, 616 (6th Cir. 1981) ("To be appealable [under the collateral order doctrine], a district court's order must 1) conclusively decide the disputed issue; 2) resolve an important

---

[1] Bean's Response, which is devoid of any citation to the record, should be disregarded. *See National Credit Union Admin. Bd. v. Zovko*, 728 F. App'x 567-568 (6th Cir. 2018) (concluding some arguments were waived and declining to review others where brief was "devoid of legal argumentation or citations to the record, running afoul of the Federal Rules of Appellate Procedure").

issue separate and independent from the merits of the action; and 3) be effectively unreviewable on appeal from a final judgment."). His undeveloped argument is forfeited, but even if it was not, it is meritless. *See Buetenmiller v. Macomb Cnty. Jail*, 53 F.4th 939, 946 (6th Cir. 2022) (stating that issues referred to in a perfunctory manner without some effort at developed argumentation are forfeited). Haley first claims (Haley Resp. 8) that "the third prong [of the collateral order doctrine] is met and piecemeal litigation avoided if the entire record evinces the necessity of a new trial," but he offers no argument as to how the successor judge's order is "effectively unreviewable on appeal from the final judgment." *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 42 (1995). Similarly, he offers no explanation as to how the order "resolve[s] important questions separate from the merits," *ibid.*, other than by claiming that "the second prong is met because the necessity of a new trial is distinct from the merits of the case" (Haley Resp. 8). He also posits that "the cross-appeal would conclusively determine whether the successor judge abused her discretion for any reason in granting a new trial" (*ibid.*), but the collateral order doctrine asks whether the decision on appeal—*i.e.*, the *district court decision*—conclusively determines an

3

issue, not whether a possible ruling on a cross-appeal would conclusively determine an issue. *See Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994) (stating that the collateral order doctrine includes "only those district court decisions that are conclusive").

The cross-appellants' attempts to invoke pendent appellate jurisdiction fare no better. Bean's Response is again silent on this issue, (*see generally* Bean Resp.), and Smith offers nothing more than the bare assertion that there are "inextricably intertwined" issues in this appeal, (Smith Resp. 8-9 (citation omitted)). For his part, Haley acknowledges that this Court has "never exercised pendent appellate jurisdiction in a criminal case." Haley Resp. 6 (quoting *United States v. Combs,* No. 23-5153, 2023 WL 9785711, at *1 (6th Cir. Sept. 12, 2023) (granting government motion to dismiss defendant's cross-appeal)). He asserts, however, that his "argument that the record as a whole contains additional reasons outside the limited rationale expressly relied upon by the district court to grant him a new trial" is "inextricably intertwined" with the government's appeal. Haley Resp. 8. This argument is untenable, as discussed further below. But even accepting it at face value, a decision on whether the district court erred in granting a new trial on

judicial bias grounds does not "*necessarily* resolve[]" the multitude of arguments he will inevitably assert as alternate grounds for affirming. *Kerchen v. University of Michigan*, 100 F.4th 751, 759 (6th Cir. 2024) (citation omitted).

Haley contends that "it is necessary to consider" his cross-appeal because Rule 25 of the Federal Rules of Criminal Procedure authorized the successor judge to grant a new trial if she was "satisfied that no one other than the trial judge could perform post-trial duties, or it was 'necessary for some other reason.'" Haley Resp. 5 (quoting Fed. R. Crim. P. 25). But as Haley admits (Haley Resp. 8 (noting the "limited rationale expressly relied upon by the district court")), the successor judge made no such finding. Instead, Haley contends that because this Court may affirm on any ground supported by the record, the Court has jurisdiction over his cross-appeal, can review the entirety of the record, can make its own finding that a new trial was "necessary for some other reason" within the meaning of Rule 25, and can affirm on that ground. Haley Resp. 5, 7 (quoting Fed. R. Crim. P. 25).

Haley's proposal would eviscerate the limits on this Court's jurisdiction. An example illustrates the point. This Court has previously

5

rejected a defendant's attempt to appeal the district court's denial of summary judgment in conjunction with this Court's proper interlocutory review of the district court's denial of qualified immunity. *Hopper v. Phil Plummer*, 887 F.3d 744, 750, 760 (6th Cir. 2018). It would not have been proper for the Court to reach the denial of summary judgment issue, over which it did not have jurisdiction, simply because it presented an alternate ground upon which to affirm. *See, e.g.*, *Schwab Indus., Inc. v. Huntington Nat'l Bank*, 679 F. App'x 397, 398 (6th Cir. 2017) ("A federal court must determine whether it has jurisdiction before reaching the merits of a case."). Instead, because the Court lacked jurisdiction over the appeal of the summary judgment order, the Court dismissed that portion of the appeal. *Hopper*, 887 F.3d at 760-761. So too, here. Haley cannot circumvent the limitations on this Court's jurisdiction and backdoor his improper interlocutory appeal under the guise that it presents an alternate ground for affirming the district court's order.

Bean advances a similar argument, asserting that "any arguments that would uphold the ruling for which the Government seeks redress can be presented and considered by the appellate Court." Bean Resp. 4 (citing *United States v. Shameizadeh*, 41 F.3d 266, 267 (6th Cir. 1994));

6

*see also* Haley Resp. 7 (citing *Shameizadeh*). But *Shameizadeh* cannot bear the weight Bean places on it. *Shameizadeh* does not stand for the proposition that a defendant can manufacture jurisdiction over his cross-appeal by arguing that the Court can affirm on another ground supported by the record. Rather, there this Court recognized that 18 U.S.C. 3731 "does not provide for a cross-appeal by a defendant" and concluded that the defendant could advance arguments "as part of his brief in the government's appeal," but not "as part of separate appeals." *Shameizadeh*, 41 F.3d at 267. The Court then dismissed the defendants' cross-appeals for lack of jurisdiction. *Ibid*. The Court should do the same here, because the same is true here. The defendants can advance their arguments in response to the government's appeal, but they may not file cross-appeals, because this Court lacks jurisdiction.

Finally, cross-appellant Martin's attempts to establish jurisdiction are no more availing than those of his co-defendants. Martin pleaded guilty and did not proceed to trial with the remaining cross-appellants, but cross-appealed "to make sure" that this Court addresses "whether the District Court should have permitted discovery." Martin Resp. 9. In ordering a new trial, the successor judge denied the cross-appellants'

requests for discovery as moot. Order Granting New Trial, R. 919, PageID # 16560 n.5.

An order denying a request for discovery as moot is not appealable under the collateral order doctrine. *See, e.g.*, *United States v. Armstrong*, Nos. 22-7006, 22-7185, 2023 WL 3144546, at *1 (4th Cir. Apr. 28, 2023) (dismissing defendant's appeal for lack of jurisdiction because district court's "order denying as moot his motion for request of documents" was "neither a final order nor an appealable interlocutory or collateral order"); *United States v. Leonard*, No. 24-13580, 2024 WL 4867157, at *1 (11th Cir. Nov. 22, 2024) (concluding that district court's "order denying as moot his motion to compel discovery" did not satisfy the collateral order doctrine). Indeed, Martin does not even attempt to explain how an order denying a discovery request *as moot* could have "specifically and conclusively decided" the issue. *See* Martin Resp. 15. And while he touts the importance of his "interest in engaging in discovery and developing the record on judicial bias" (Martin Resp. 10; *see also* Martin Resp. 15-16), courts "routinely require litigants to wait until after final judgment to vindicate valuable rights, including rights central to our adversarial system," *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 108-109 (2009).

8

Nor is the order appealable based on pendent appellate jurisdiction. Like Haley, Martin acknowledges this Court's recognition that it has "never exercised pendent appellate jurisdiction in a criminal case," so he pivots to out-of-circuit authority. Martin Resp. 16-17. Even assuming the Court were inclined to exercise pendent appellate jurisdiction in a criminal case for the first time in this case, such jurisdiction exists over "otherwise nonappealable issues that are 'inextricably intertwined' with appealable issues," which occurs when the Court's "finding on the first [appealable] issue necessarily and unavoidably decides the second [unappealable issue]." *Watkins v. Healy*, 986 F.3d 648, 659 (6th Cir. 2021) (citation omitted). But the Court will not necessarily and unavoidably decide "whether the District Court should have permitted discovery" (Martin Resp. 9), when addressing the bias issue. The Court could, for example, conclude that the successor judge erred in finding that a risk of an appearance of judicial bias violated the Due Process Clause without reaching the ruling on the discovery issue. Accordingly, Martin's cross-appeal, like those of his co-defendants, should be dismissed.

|  | Respectfully submitted, |
|---|---|
| D. MICHAEL DUNAVANT<br>  United States Attorney for the<br>  Western District of Tennessee | HARMEET K. DHILLON<br>  Assistant Attorney General |
| KAREN HARTRIDGE<br>  Assistant United States Attorney | JESUS A. OSETE<br>  Principal Deputy Assistant<br>  Attorney General |
|  | s/ Katherine McCallister<br>GRETA GIESEKE<br>KATHERINE MCCALLISTER<br>  Attorneys<br>  Department of Justice<br>  Civil Rights Division<br>  Appellate Section<br>  Ben Franklin Station<br>  P.O. Box 14403<br>  Washington, D.C.  20044-4403<br>  (202) 514-3847 |

Date: December 15, 2025

## CERTIFICATE OF COMPLIANCE

This reply complies with the type-volume limits of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1823 words, excluding the parts exempted by Federal Rules of Appellate Procedure 27(d)(2) and 32(f). It also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared in Century Schoolbook 14-point font using Microsoft Word for Microsoft 365.

s/ Katherine McCallister
Katherine McCallister
 Attorney

Date: December 15, 2025

## CERTIFICATE OF SERVICE

I certify that on December 15, 2025, I electronically filed the foregoing Motion with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the appellate CM/ECF system.

I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

s/ Katherine McCallister  
Katherine McCallister  
 Attorney

Date: December 15, 2025