Nos. 25-5853/5879/5880/5901/5907

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

Apr 6, 2026
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellant Cross-Appellee, | ) |
| | ) |
| v. | ) |
| | ) |
| DEMETRIUS HALEY [25-5853, 25-5879], | ) |
| | ) |
| JUSTIN SMITH [25-5853, 25-5880], | ) |
| | ) O R D E R |
| TADARRIUS BEAN [25-5853, 25-5901], | ) |
| | ) |
| EMMITT MARTIN III [25-5853, 25-5907], | ) |
| | ) |
| Defendants-Appellees Cross-Appellants, | ) |
| | ) |
| DESMOND MILLS, JR. [25-5853], | ) |
| | ) |
| Defendant-Appellee. | ) |

Before:  SILER, GIBBONS, and BUSH, Circuit Judges.

The government appeals, and defendants Emmitt Martin, III, Demetrius Haley, Justin Smith, and Tadarrius Bean cross-appeal, an interlocutory order of the district court granting defendants a new trial based on post-trial *ex parte* statements the trial judge made to local federal prosecutors and Federal Bureau of Investigation agents.  The government moves to dismiss defendants' cross-appeals for lack of jurisdiction.  Defendants oppose dismissal.

In January 2023, Martin, Haley, Smith, Bean, and Desmond Mills, Jr.—all Memphis police officers—conducted a traffic stop on Tyre Nichols and allegedly took turns assaulting him. Nichols passed away three days later, and a grand jury charged each defendant with multiple charges arising from their alleged actions. Mills and Martin pleaded guilty to deprivation of rights under color of law—excessive force and conspiracy to witness-tamper. A jury found Haley guilty of deprivation of rights resulting in bodily injury and conspiracy to witness-tamper, and Haley, Bean, and Smith guilty of obstruction of justice.

The week before defendants' sentencing hearings, the government filed notice that, five days after the verdict, the law clerk assisting the trial judge during defendants' trial was shot in the chest during an auto theft. When federal prosecutors and an FBI agent met with the trial judge to explain that there was no federal nexus for the shooting, the trial judge indicated his belief that at least one of the defendants was in a gang and that the gang was responsible for the shooting of his clerk. And following that meeting, one of the prosecutors recalled that the trial judge, shortly after the law clerk's shooting, had told her that he could not give a statement to anyone in the Memphis Police Department regarding the shooting because it was infiltrated with gang members.

The trial judge promptly recused, and Haley, Smith, and Bean each moved for a new trial, alleging that the trial judge's *ex parte* communication created an appearance of impropriety, and perhaps showed that he was biased or prejudiced against them given his apparent, but undisclosed, partiality. Each also cited the trial judge's purportedly erroneous pre- and post-trial rulings and alleged that these rulings prejudiced them and violated their right to due process and a fair trial. Beyond this, Haley, Smith, and Bean sought limited discovery to obtain more details about the trial judge's *ex parte* communications and to depose the trial judge. Martin also requested discovery so he could determine whether to seek dismissal or some other remedy and to depose any witnesses with relevant information. The district court granted Haley, Smith, and Bean a new trial and denied as moot the defendants' discovery requests. These appeals followed.

Appellate jurisdiction over criminal cases "is dependent upon authority expressly conferred by statute." *United States v. Yeager*, 303 F.3d 661, 664 (6th Cir. 2002) (quoting *Carroll v. United States*, 354 U.S. 394, 399 (1957)). We have jurisdiction over final judgments of the district courts. 28 U.S.C. § 1291. "In criminal cases, this prohibits appellate review until after conviction and imposition of sentence." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989).

The government may nonetheless appeal a district court's order granting a new trial in a criminal case. 18 U.S.C. § 3731. That provision, however, "narrowly limits the Government's right to appeal," *United States v. Sisson*, 399 U.S. 267, 270 (1970), and does not permit defendants to cross-appeal interlocutory decisions of the district court, *see United States v. Shameizadeh*, 41 F.3d 266, 267 (6th Cir. 1994) (order). Defendants nevertheless contend that we may exercise jurisdiction over their cross appeals under either the collateral-order doctrine or pendent jurisdiction. We disagree and, consequently, dismiss their cross-appeals.

The collateral order doctrine "carve[s] out a narrow exception to the normal application of the final judgment rule." *Midland Asphalt*, 489 U.S. at 798. Although the doctrine permits review of an order that conclusively determines the disputed question, that resolves an important issue completely separate from the merits of the action, and that is effectively unreviewable on appeal from the final judgment, *id.*, it is applied "with the utmost strictness in criminal cases," *Flanagan v. United States*, 465 U.S. 259, 265 (1984). Thus, to date, the Supreme Court has found only four types of orders immediately reviewable: the denial of motions to reduce bail, the denial of motions to dismiss based on double jeopardy grounds or the Speech and Debate Clause, and orders to forcibly medicate mentally ill defendants. *United States v. Martirossian*, 917 F.3d 883, 887 (6th Cir. 2019). This court has extended the doctrine to orders transferring a juvenile for adult prosecution, *see United States v. Gomez-Gomez*, 643 F.3d 463, 469 (6th Cir. 2011), and orders of commitment for psychiatric evaluation, *United States v. Davis*, 93 F.3d 1286, 1289 (6th Cir. 1996).

Viewed together, these classes of orders "manifest the general rule that" jurisdiction over interlocutory orders lies only "where the order at issue involves 'an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial.'" *Midland Asphalt*, 489 U.S. at 799 (quoting *United States v. MacDonald*, 435 U.S. 850, 860 (1978)). Put more simply, immediate review is permissible where there is an explicit statutory right not to be tried at all as opposed to "a right whose remedy requires the dismissal of charges." *Id.* at 801 (quoting *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 269 (1982)). And this "explains the many decisions of the Court rejecting attempted interlocutory appeals . . . in the criminal arena," among them orders denying immediate appeals from orders involving a counsel's disqualification, violations of grand jury secrecy, vindictive prosecutions, speedy trial claims, challenges to the sufficiency of the indictment, and the suppression of evidence. *Martirossian*, 917 F.3d at 887.

Haley, Smith, and Bean's motions for a new trial were premised on their due process right to have a neutral arbiter. A violation of that right does not give rise to a right not to be tried, *cf. Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 887−90 (2009) (reversing judgment for further proceedings upon finding that the trial judge should have recused himself), and it may be raised on direct appeal following a final judgment, *see United States v. Prince*, 618 F.3d 551, 561 (6th Cir. 2010). To the extent their position rests on the trial judge's adverse rulings, those rulings "involve considerations enmeshed in the merits of the dispute," *Midland Asphalt*, 489 U.S. at 800 (citation modified), and will still be reviewable upon entry of a final judgment, *see United States v. Andrews*, 857 F.3d 734, 741−42 (6th Cir. 2017). Another circuit has exercised jurisdiction under the collateral-order doctrine over a defendant's cross appeal from an order denying him a judgment of acquittal where the government appealed the grant of a new trial. *See United States v. Greene*, 834 F.2d 86, 89 (4th Cir. 1987). But that decision is not binding, at least one other circuit court has declined to follow it, *see United States v. Carpenter*, 494 F.3d 13, 26−27 (1st Cir. 2007), and

we will as well, given our binding authority rejecting application of the collateral order doctrine under similar circumstances.

Martin neither moved for a new trial nor was granted a new trial. But he asserts that he has a substantial due process interest in engaging in discovery and developing the record on the trial judge's judicial bias. While such a claim may be colorable, *see Bracy v. Gramley*, 520 U.S. 899, 901−10 (1997), an order denying discovery may be appealed following the judgment, *Gomez-Gomez*, 643 F.3d at 469.

Nor is there pendent appellate jurisdiction in criminal matters. *See MacDonald*, 435 U.S. 850, n. 6 (1978); *see also Abney v. United States*, 431 U.S. 651, 662−63 (1977) (holding that, although the collateral order doctrine permits an immediate appeal from the denial of a double jeopardy claim, those "considerations do not extend beyond the claim of former jeopardy and encompass other claims presented to, and rejected by, the district court in passing on the accused's motion to dismiss"). Despite this clear instruction, the Seventh Circuit has exercised pendent jurisdiction in criminal cases. *United States v. Van Engel*, 15 F.3d 623, 629 (7th Cir. 1993); *but see United States v. Eberhart*, 388 F.3d 1043, 1051 (7th Cir. 2004) ("It is doubtful that pendent appellate jurisdiction is available in criminal cases."), *reversed on other grounds by* 546 U.S. 12 (2005) (per curiam). Even in those cases, however, the Seventh Circuit "insist[ed] . . . at a minimum that the main and pendent claims display a very large degree of overlap so that the pendent claim is unlikely to slow down the case by making the appeal more complicated." *Van Engel*, 15 F.3d at 629. That is certainly not the case here, to the extent defendants are challenging evidentiary issues and the denial of discovery.

At bottom, defendants want to preserve their right to present arguments they may have advanced in the district court that provide an alternative basis for affirming the district court's grant of a new trial. But the dismissal of their cross appeals—as they recognize—does not prevent

them from presenting these arguments.  *See Shameizadeh*, 41 F.3d at 267; *United States v. Figueredo-Diaz*, 718 F.3d 568, 573 n.3 (6th Cir. 2013).

Therefore, we **DISMISS** the defendants' cross appeals in Nos. 25-5879, 25-5880, 25-5901, and 25-5907.  The government's appeal in No. 25-5853 shall proceed in the normal course.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk